IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE K. HADLEY, #Y20928, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 17-cv-01191-SMY ) |
| C/O HOXWORTH, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff George Hadley, an inmate who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against Officer Hoxworth at Big Muddy. (Doc. 1). According to the Complaint, Officer Hoxworth injured Plaintiff when he used excessive force against him on or around July 24, 2017. (Doc. 1, pp. 8-11). The officer then delayed medical treatment for Plaintiff's resulting injuries. *Id*. Plaintiff claims that Officer Hoxworth's conduct violated his right to be free from cruel and unusual punishment under the Eighth Amendment and also violated Illinois state law. (Doc. 1, pp. 10-11). In connection with these claims, Plaintiff seeks monetary damages. (Doc. 1, p. 12).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

## **The Complaint**

Plaintiff alleges that Officer Hoxworth injured him by kicking two fans and a chair at his face on July 24, 2017. (Doc. 1, p. 8). At the time, Plaintiff was assigned to Cell 2-D-15 at Big Muddy. *Id*. Plaintiff and his cellmate were using their personal fans to prop the cell door open and increase air circulation. *Id*. Around 1 p.m., Officer Hoxworth came to the cell door and asked, "What the fuck is this shit?" *Id*. The officer then kicked both fans and a chair violently toward Plaintiff and slammed the door in his face. *Id*. One of the fans struck Plaintiff in the shoulder and chest, causing lacerations that necessitated medical treatment. *Id*. The fans and chair were damaged in the process. *Id*.

Around 1:45 p.m., Plaintiff exited his cell and asked Officer Hoxworth and Officer Stalling[1] for grievance forms and medical treatment. (Doc. 1, p. 9). His requests were denied. *Id*. At 2:20 p.m. the same day, Plaintiff and his cellmate asked to speak with a lieutenant, a crisis team member, and/or a nurse. *Id*. Officer Hoxworth denied their request. *Id*. The officer also ordered Plaintiff to "shut [his] fucking mouth and get back to [his] cell before things get worse." *Id*. Plaintiff and his cellmate returned to their cell without speaking to a lieutenant or a crisis team member. *Id*.

Sometime after the shift change at 3 p.m. that day, Plaintiff and his cellmate again left their cell to speak with staff about the incident. (Doc. 1, p. 9). An internal affairs officer, "C/O Winters", interviewed Plaintiff. *Id*. The officer photographed Plaintiff's injuries and took him to the prison's health care unit for treatment. *Id*.

Plaintiff asserts that he exhausted his administrative remedies prior to bringing this action. (Doc. 1, pp. 9-10). He allegedly gave Lieutenant Clark a copy of a grievance addressing the incident on July 26, 2017. (Doc. 1, p. 9). He spoke with a correctional counselor about the incident on August 1, 2017. (Doc. 1, p. 10). He placed a copy of the grievance in the prison's grievance box and emergency grievance box on August 2, 2017. *Id*. He handed a copy directly to a correctional counselor on August 30, 2017 and mailed a copy to the Administrative Review Board ("ARB") on September 20, 2017. *Id*. Plaintiff learned that the grievance was deemed a

---

[1] In the Complaint, Plaintiff refers to numerous individuals who are not named as defendants in this action, including Officer Stalling, C/O Winters, a lieutenant, crisis team members, and a nurse. (Doc. 1, pp. 8-11). Likewise, he includes the affidavits of several other inmates who are not named as parties in the action, such as Otis Arrington, Felton Williams, Daniel Pace, and Keven McIntosh. (Doc. 1, pp. 5-7, 13). When parties are not listed in the caption, this Court will not treat them as such, and any claims brought by them or against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

non-emergency on September 11, 2017. *Id*. The ARB denied his appeal on October 6, 2017, and he then filed this action. *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

>   **Count 1 -**  Eighth Amendment claim against Officer Hoxworth for using excessive force against Plaintiff on or around July 24, 2017.
>
>   **Count 2 -**  Eighth Amendment claim against Officer Hoxworth for failing to ensure that Plaintiff received timely and adequate medical care for the injuries he sustained when the officer hit Plaintiff with a fan on or around July 24, 2017.
>
>   **Count 3** -  Illinois assault and/or battery claim against Officer Hoxworth for kicking two fans and a chair at Plaintiff on or around July 24, 2017.
>
>   **Count 4 -**  Illinois intentional infliction of emotional distress claim against Officer Hoxworth for the events that transpired in Plaintiff's cell at Big Muddy on or around July 24, 2017.
>
>   **Count 5 -**  Illinois claim against Officer Hoxworth for damaging Plaintiff's fan on July 24, 2017.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion regarding their merits. ***Any claims that are mentioned in the Complaint but not identified above are considered dismissed without prejudice from this action.***

## Count 1

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. A prison guard's intentional use of excessive force against an inmate without penological justification constitutes cruel and unusual punishment. *See Wilkins v.*

*Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). The "core requirement" of an excessive force claim is that the prison guard "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The relevant inquiry focuses on the amount of force used and not on the injury that resulted. *Reid v. Melvin*, 695 F. App'x 982 (7th Cir. Aug. 22, 2017) (citation omitted).

The allegations in Plaintiff's Complaint support a claim of excessive force against Officer Hoxworth. (Doc. 1, pp. 8-11). The officer allegedly kicked a chair and two fans in Plaintiff's direction. *Id*. One of the fans allegedly hit Plaintiff in the chest and shoulder and injured him. *Id*. Plaintiff describes no conduct on his part that would have provoked the officer or necessitated the use of force. *Id*. Given these allegations, Count 1 will receive further review against Officer Hoxworth.

**Count 2**

A state official's decision to delay or deny an inmate necessary medical care may also run afoul of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim, a plaintiff must demonstrate that he suffered from a serious medical condition (*i.e.*, objective standard) and that the state actor responded to the condition with deliberate indifference (*i.e.*, subjective standard). *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)).

The Court will allow Count 2 to proceed against Officer Hoxworth at this time. The allegations indicate that Plaintiff suffered "lacerations" to his chest and shoulder that required medical treatment. (Doc. 1, pp. 8, 13). Plaintiff also alleges that Officer Hoxworth refused to

5

send him for treatment when he requested it several times on July 24, 2017. (Doc. 1, pp. 8-10). Plaintiff had to ask another officer for medical care before he received it. *Id*. Although the Court takes no position regarding the ultimate merits of this claim, Count 2 against Officer Hoxworth cannot be dismissed at this juncture and shall receive further review as well.

### Counts 3, 4, and 5

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). The Court has original jurisdiction over Plaintiff's § 1983 claims, and his state law claims for assault and/or battery (Count 3), intentional infliction of emotional distress (Count 4), and property damage (Count 5) arise from the same factual circumstances.

Under Illinois state law, "[a] battery occurs when one 'intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.'" *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)). The Complaint addresses each element of this claim and suggests that Officer Hoxworth may have assaulted and/or battered Plaintiff on July 24, 2017. Accordingly, Count 3 shall receive further review against the officer.

The same cannot be said of Count 4. Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant(s) intentionally or recklessly

6

engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp., Inc.*, 610 N.E.2d 745, 749 (Ill. App. 1993)).

The allegations in the Complaint do not satisfy any of these elements. Plaintiff does not allege that he suffered from severe emotional distress, describe any symptoms of distress, or set forth any treatment he sought or received for it. (Doc. 1, pp. 8-11). Instead, he simply states that the officer's conduct amounted to intentional infliction of emotional distress. This conclusory assertion is not enough to support a claim, even at screening. *See* FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (Rule 8 standard does not require "detailed factual allegations" but demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Accordingly, Count 4 will be dismissed without prejudice against Officer Hoxworth for failure to state a claim upon which relief may be granted.

Count 5 meets with the same fate at Count 4. Plaintiff's claim for property damage against Officer Hoxworth is undeveloped. In the Complaint, Plaintiff merely alleges that the

officer's "actions caused damage to Plaintiff's personal property (8 inch personal fan)." (Doc. 1, p. 11). He makes no other allegations in support of this assertion, no description of the damage, and no estimate of the property loss he sustained. Plaintiff offers no basis in federal or state law for his claim. The threadbare and conclusory allegations fail to support any claim against Officer Hoxworth for property damage. *See* FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677. Accordingly, Count 5 will be dismissed without prejudice from this action for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff filed a Motion for Service of Process at Government Expense (Doc. 4), which is **DENIED** as unnecessary. Plaintiff is proceeding *in forma pauperis* in this § 1983 action. Under such circumstances, service of the suit shall be ordered as a matter of course in the below disposition.

## Disposition

**IT IS ORDERED** that **COUNTS 1, 2,** and **3** are subject to further review against Defendant **C/O HOXWORTH.**

**IT IS ORDERED** that **COUNTS 4** and **5** are **DISMISSED** without prejudice against Defendant **C/O HOXWORTH** for failure to state a claim upon which relief may be granted.

With respect to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendant **C/O HOXWORTH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1) and this Memorandum and Order to the

Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant and the Court will require Defendant to pay the full costs of formal service to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Daly** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 1, 2018**

**s/ STACI M. YANDLE**
**United States District Court**